UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RELIASTAR LIFE INSURANCE COMPANY,

                             Plaintiff,

v.                                                      Action No. 3:10–CV–540

MICHAEL A. LORMAND,
Executor of Estate of Charles P. Winkler, Jr.,
KIMBERLY W. WINKLER,

                             Defendants.

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff ReliaStar Life Insurance Company's Motion to Dismiss Counterclaim of Defendant Kimberly Winkler or, in the Alternative for Summary Judgment. (Doc. Nos. 14 and 16.) Plaintiff moves the Court to dismiss the Counterclaim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, to grant summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, the Court GRANTS Plaintiff's Motion to Dismiss the Counterclaim.

I.     **BACKGROUND**

This action involves competing claims for life insurance proceeds arising from the death of Charles Winkler, Jr. ("Dr. Winkler"). Dr. Winkler had life insurance coverage with ReliaStar Life Insurance Company ("ReliaStar") in the amount of $ 100,000. Dr. Winkler's wife Kimberly Winkler ("Ms. Winkler") is the sole beneficiary named in the policy. Dr. Winkler died April 7, 2010. Shortly thereafter, Michael A. Lormand, Executor of Dr. Winkler's estate ("Mr. Lormand"), claimed entitlement to the death benefit based upon Dr. Winkler's expressed intent to change the policy

1

beneficiary prior to his death. Mr. Lormand asserted Dr. Winkler was in the process of divorcing Ms. Winkler at the time of his death and had requested a change of beneficiary form. The judge in the divorce action enjoined the use of Dr. Winkler's power of attorney to authorize a change of beneficiary, however, and Dr. Winkler died before the beneficiary could be changed. Ms. Winkler claims entitlement to the death benefit because she is the designated beneficiary.

ReliaStar informed Ms. Winkler on May 19, 2010, that Mr. Lormand claimed the death benefit on behalf of Dr. Winkler's estate. Ms. Winkler objected to ReliaStar's paying the death benefit to anyone other than her. ReliaStar subsequently notified Mr. Lormand and Ms. Winkler that if an agreement was not reached as to the proper beneficiary within sixty days, ReliaStar would consider an interpleader action. Counsel for Ms. Winkler demanded immediate payment of the life insurance proceeds on two separate occasions. Each time, ReliaStar informed counsel of the competing claims for the proceeds.

Unable to determine the proper recipient, ReliaStar brought the instant interpleader action against Mr. Lormand in his capacity as executor and Ms. Winkler. Ms. Winkler filed a Counterclaim against ReliaStar seeking: (1) a declaratory judgment that she is entitled to the death benefit; (2) compensatory and punitive damages for breach of contract; and (3) relief under the West Virginia Unfair Claims Settlement Practices Act. ReliaStar now seeks to dismiss the Counterclaim in its entirety. Alternatively, ReliaStar seeks summary judgment.

## II. LEGAL STANDARD

### a. Motion to Dismiss

A motion to dismiss "test[s] the sufficiency of the complaint to see if it alleges a claim for which relief can be granted." Dolgaleva v. Va. Beach City Pub. Sch., 364 Fed. Appx. 820, 825 (4th Cir. 2010). A pleading states a claim if it contains "a short and plain statement of the claim showing

2

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level" and provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal is appropriate if the moving party can demonstrate "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In other words, if it is clear that the plaintiff cannot obtain any relief even if her allegations are true, the plaintiff's complaint should be dismissed for failure to state a claim. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). In ruling on a Rule 12(b)(6) motion, a court must "accept as true all of the factual allegations in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), as well as any facts consistent with those allegations that can be proved, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Further, the court must view all facts in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

Normally, a court must convert a motion to dismiss into a motion for summary judgment if it considers documents outside the pleadings in making a ruling. Fed. R. Civ. P. 12(d). A court may, however, "consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint" without converting a motion to dismiss into one for summary judgment, "so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 Fed. Appx. 395, 396 (4th Cir. 2006). Further, "[t]he Court . . . retains discretion to disregard any extraneous exhibits submitted by Defendant and to treat the motion as a standard one

3

for failure to state a claim under Rule 12(b)(6)[.]" Harmon v. CB Squared Servs. Inc., No. 3:08-CV-799, 2009 U.S. Dist. LEXIS 7009, at *5 (E.D. Va. Jan. 30, 2009) (citing Bosiger v. U.S. Airways, Inc., 510 F.3d 442, 450 (4th Cir. 2007)).

   b. Motion for Summary Judgment

Summary judgment should be entered if "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of establishing the nonexistence of a triable issue of fact by "showing . . . that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

   c. Interpleader

A plaintiff may join as defendants any persons with claims that may expose the plaintiff to double or multiple liability. Fed. R. Civ. P. 22(a)(1). District courts have original jurisdiction over interpleader actions if (1) the amount in controversy is more than $ 500, and (2) two or more adverse claimants of diverse citizenship claim entitlement to the money or property in controversy. 28 U.S.C. § 1335(a).

The goal of an interpleader action is to "[a]bsolve the stakeholder from the threat of multiple liability by determining which of the claimants is entitled to the stake." Equitable Life Assurance Soc'y v. Jones, 679 F.2d 356, 358 n. 2 (4th Cir. 1982). Although "[i]t is well-settled that interpleader is not available when one of the two 'conflicting claims' is of such ethereal gossamer as to be totally devoid of substance," id. at 360 (Murnaghan, J., dissenting), interpleader "[s]hould be liberally construed to protect stakeholders not only from multiple liability but also to protect them from the

4

trouble and expense of multiple litigation," <u>MFA Mut. Ins. Co. v. Lusby</u>, 295 F. Supp. 660, 665 (W.D. Va. 1969).

### III. DISCUSSION

#### a. <u>Interpleader is Proper in this Matter</u>

ReliaStar maintains interpleader is proper because there is a genuine dispute over the proper recipient of the death benefit. ReliaStar argues the correspondence between ReliaStar and Ms. Winkler and between ReliaStar and Mr. Lormand is sufficient to show competing claims for the life insurance proceeds.

Competing claims are required before a stakeholder may bring an interpleader action. <u>See</u> 28 U.S.C. § 1335. "The primary test for determining the propriety of interpleading the adverse claimants . . . is whether the stakeholder legitimately fears multiple litigation over a single fund." <u>Reliastar Life Ins. Co. v. LeMone</u>, No. 7:05-CV-545, 2006 U.S. Dist. LEXIS 11692, at *8 (W.D. Va. Mar. 16, 2006). Ms. Winkler is the only beneficiary named in Dr. Winkler's life insurance policy. Mr. Lormand's claim to the death benefit is based on Dr. Winkler's intent to change beneficiaries prior to his death. Because it is reasonable for ReliaStar to fear exposure to multiple litigation, the Court will entertain the interpleader.

#### b. <u>Ms. Winkler's Declaratory Judgment Claim</u>

ReliaStar urges the Court to dismiss Count I of the Counterclaim because it raises issues that will be resolved by the interpleader action. ReliaStar claims it cannot pay either party without risking multiple lawsuits. Since interpleader is a proper way of determining the rightful benefit recipient, ReliaStar concludes Ms. Winkler is trying to circumvent the procedure by seeking a declaratory judgment. Consequently, her request should be denied.

Ms. Winkler contends Count I is different from the interpleader action and should not be dismissed. Specifically, Ms. Winker argues that while the interpleader action seeks a determination of

5

which party is entitled to the policy proceeds, her Counterclaim seeks a determination that she was entitled to the death benefit immediately upon Dr. Winkler's death. She also argues that a third party's claim cannot alter the duties of the parties to a life insurance contract, but cites no law in support of this proposition.

      c. <u>Ms. Winkler's Breach of Contract Claim</u>

ReliaStar believes the issues in Count II of Ms. Winkler's Counterclaim will also be resolved by the interpleader action. ReliaStar maintains that, upon learning of two different claims to the life insurance proceeds, it conducted an investigation and filed the instant action when it could not determine to whom it should pay the death benefit. ReliaStar contends that, by alleging ReliaStar breached the life insurance contract, Ms. Winkler demands that this Court accept as true that she is the proper recipient of the benefit, which is the legal conclusion the interpleader action will resolve.

ReliaStar argues Mr. Lormand's claim on behalf of the estate alleges Dr. and Ms. Winkler were in the midst of a divorce when Dr. Winkler died. ReliaStar contends this is all the evidence the Court needs to determine if ReliaStar is entitled to surrender the death benefit to the Court and have the Court determine who is entitled to the money.

In defending her breach of contract claim, Ms. Winkler again starts from the premise that she is the rightful recipient of the death benefit. She contends ReliaStar had a duty to pay policy proceeds when liability became reasonably clear, which happened when Dr. Winkler died outside the policy's contestability period with one beneficiary. Ms. Winkler maintains ReliaStar's filing an interpleader action does not relieve the insurance company of its contractual duty to pay the death benefit to the named beneficiary.

Ms. Winkler further argues that interpleader is a proper method of discharging a contractual duty only if there is a legitimate, reasonable dispute between third party beneficiaries. She maintains

she is the only third party beneficiary. Accordingly, ReliaStar's use of interpleader is itself a breach of the contract between the company and Dr. Winkler.

### d. Ms. Winkler's West Virginia Unfair Claims Settlement Practices Act Claim

West Virginia law prohibits unfair settlement practices. Specifically, no person may "[refuse] to pay claims without conducting a reasonable investigation based upon all available information." W. Va. Code Ann. § 33-11-4(9)(d). Further, "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" is also prohibited. W. Va. Code Ann. § 33-11-4(9)(f).

ReliaStar argues Ms. Winkler's Counterclaim fails to state a claim under West Virginia law. ReliaStar submits the Supreme Court of Appeals of West Virginia has made clear that a plaintiff "[m]ust show more than a single violation of W. Va. Code § 33-11-4(9)" to succeed on an unfair settlement practices claim. Dodrill v. Nationwide Mut. Ins. Co., 201 W. Va. 1, 9 (1996). This is because "[s]uch violations of the act [must] occur with such frequency as to indicate that the conduct was a general business practice of the insurance company in its dealings with claimants." Id. (citing Jenkins v. J.C. Penny Cas. Ins. Co., 167 W. Va. 597 (1981)). ReliaStar argues Ms. Winkler's Counterclaim does not allege one violation of § 33-11-4(9), much less a pattern or practice of violations necessary to support a statutory claim.

Ms. Winker contends (1) Count III states a claim upon which relief can be granted, and (2) there are several genuine issues of material fact regarding ReliaStar's purported violation of the West Virginia Unfair Claims Settlement Practices Act. Specifically, Ms. Winkler maintains her Counterclaim shows ReliaStar made a general business practice of failing to conduct a reasonable investigation as to the rightful recipient of the death benefit and refusing to pay her the benefit. She believes she has shown a general business practice because she sent multiple requests for payment to ReliaStar and ReliaStar did not pay the benefit. She contends that each denial of payment was an

7

individual violation of West Virginia law. Ms. Winkler further states summary judgment is inappropriate because whether ReliaStar conducted a reasonable investigation is a genuine issue of material fact.

      e.   <u>Ms. Winker's Counterclaim Must be Dismissed</u>

Ms. Winkler contends she is legally entitled to Dr. Winkler's death benefit. Whether she is the rightful recipient of the death benefit is also the question the interpleader action seeks to answer. Ms. Winkler's claims are thus duplicative of the interpleader claim. The Third Circuit resolved a similar issue in <u>Prudential Insurance Company of America v. Hovis</u>, 553 F.3d 258 (3rd Cir. 2009). The issue before the Court in <u>Hovis</u> was whether a valid interpleader action shielded a stakeholder from liability with respect to counterclaims brought by claimants to life insurance proceeds. <u>Id</u>. at 259. The Court answered in the affirmative, holding "[w]here a stakeholder is blameless with respect to the existence of the ownership controversy, the bringing of an interpleader action protects it from liability to the claimants both for further claims to the stake and for any claims directly relating to its failure to resolve that controversy." <u>Id</u>. at 265. Moreover, the Court held,

> [e]ach of [the defendant's] counterclaims concern Prudential's failure to resolve its investigation in his favor and pay out the life insurance proceeds to him. . . . As such, none of the counterclaims is truly independent of who was entitled to the life insurance proceeds, which is the issue the interpleader action was brought to settle. To allow Prudential to be exposed to liability under these circumstances would run counter to the very idea behind the interpleader remedy[.]

<u>Id</u>. at 264-65.

This Court has held similarly, stating "[w]ere the defendants in an interpleader action permitted to carry forward with counterclaims against the stakeholder based on the same interpleaded funds, the very purpose of the interpleader action would be utterly defeated." <u>Commerce Funding Corp. v. S. Fin. Bank</u>, 80 F. Supp. 2d 582, 585 (E.D. Va. 1999).

Ms. Winkler's Counterclaim, like those in <u>Hovis</u> and <u>Commerce Funding Corp.</u>, is entirely based on the funds ReliaStar seeks to interplead. Count I of Ms. Winkler's Counterclaim is clearly based on the funds ReliaStar seeks to interplead, as it seeks a declaratory judgment that Ms. Winkler is entitled to the death benefit. Similarly, Count II is clearly based on the same funds, as it claims a breach of contract because ReliaStar did not pay Ms. Winkler the death benefit. Count III, which alleges a violation of West Virginia law, is also based on the same funds. Ms. Winkler claims ReliaStar violated the law by failing to promptly investigate and act on her claims. Thus, ReliaStar's non-payment of the death benefit also forms the basis of Count III. Because all three counts of Ms. Winkler's Counterclaim are based on the same funds ReliaStar seeks to interplead, and counterclaims based on the same interpleaded funds defeat the purpose of the interpleader action, all three counts must be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

Because Ms. Winkler can prove no set of facts that would entitle her to relief at this stage, her Counterclaim does not state a claim upon which relief can be granted. Consequently, the Court GRANTS Plaintiff's Motion to Dismiss the Counterclaim.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __11th__ day of March 2011